**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt.loker@loker.law
Scott M. Plescia (349319)
scott.plescia@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

*Attorneys for Plaintiff,*
Jordan Bronner

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**JORDAN BRONNER,**

Plaintiff,

v.

**CARMAX AUTO FINANCE; HARLEY-DAVIDSON FINANCIAL SERVICES, INC.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND, TRANS UNION LLC,**

Defendants.

**Case No.:**

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**

**I. FAIR CREDIT REPORTING ACT;**

**II. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

**III. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; AND,**

**IV. CALIFORNIA IDENTITY THEFT ACT**

**JURY TRIAL DEMANDED**

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## INTRODUCTION

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

3. In enacting the California's Identity Theft Act, Cal. Civ. Code §§1798.92 et seq. ("CITA"), the California Legislature found that the right to privacy was being threatened by the indiscriminate collection, maintenance, and dissemination of personal information. Accordingly, CITA was enacted to combat the lack of effective laws and legal remedies in place. To protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. Cal. Civ. Code §1798.1(a), (c).

4. JORDAN BRONNER ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of CARMAX AUTO FINANCE **("**CarMax") **;** HARLEY-DAVIDSON FINANCIAL SERVICES, INC. ("Harley") ; EQUIFAX INFORMATION SERVICES, LLC ("Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"); TRANS UNION LLC (Trans Union) with regard to attempts by Defendants, to unlawfully and abusively collect an invalid debt from Plaintiff, inclusive of inaccurate credit reporting to, and by, the Credit Bureaus and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

8. Any violations by each Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of a Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

**JURISDICTION AND VENUE**

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of (i) Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1, et seq. ("CCCRAA"); iii) the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"); and (iv) the California Identity Theft Act, Cal. Civ. Code § 1798.92, et seq. ("CITA").

12. Because Defendants conduct business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in San Bernardino County; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendants conducted business within this judicial district at all times relevant.

**PARTIES**

14. Plaintiff is a natural person who resides in San Bernardino County, California, from whom Defendants sought to collect a debt which was alleged to be due and owing from Plaintiff.

15. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

16. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c); Cal. Civ. Code § 1785.3(c).

17. Car Max is a loan agency operating from the State of Georgia.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

18. Harley-Davidson Financial Services, Inc. is a loan agency operating from the State of California.
19. Equifax is a corporation headquartered in Georgia and a nationwide consumer reporting agency that operates and conducts business in California.
20. Experian is a corporation headquartered in California and a nationwide consumer reporting agency that operates and conducts business in California.
21. Trans Union is corporation located in Trans Union and a nationwide consumer reporting agency that operates and conducts business in California.
22. CarMax and Harley are both a furnisher of information as contemplated by FCRA sections 1681s-2(b), that each regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.
23. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).
24. CarMax and Harley are both a "claimant" as that term is defined by California Civil Code § 1798.92(a).
25. CarMax and Harley in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).
26. CarMax and Harley are each a furnisher of information as contemplated by FCRA sections 1681s-2(b), that each regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.
27. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

28. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).
29. Trans Union is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).
30. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d); and, that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

## FACTUAL ALLEGATIONS

31. At all times relevant, Plaintiff is an individual residing within the State of California.
32. Plaintiff is the victim of identity theft.
33. Plaintiff did not authorize anyone to use his personal identifying information to obtain credit, loans, goods, or services, nor did he receive any benefit from the fraudulent transactions.
34. In 2020, Plaintiff's wallet was stolen. Law enforcement apprehended the individual responsible, and Plaintiff reasonably believed the incident had been resolved and that his identity was no longer at risk.
35. However, in 2025, Plaintiff was unexpectedly served with a lawsuit seeking repayment of unemployment benefits. Plaintiff had never applied for unemployment benefits and had never been unemployed during the relevant time period.
36. Alarmed, Plaintiff obtained and reviewed his credit reports. He was shocked to discover that unknown individuals had fraudulently purchased two vehicles in his name, one financed through Harley and another through Car Max, without his knowledge or authorization.

37. Plaintiff filed an identity theft report #191999047 with the Federal Trade Commission. He reported fraudulent accounts from Car Max, Harley-Davidson Financial Services, Inc., and the Employment Development Department of California.

38. Plaintiff filed an appeal with the Employment Development Department on July 2025 stating that he is a victim of identity theft and had never made a claim for unemployment benefits.

39. Plaintiff submitted the foregoing identity-theft documentation, including the Federal Trade Commission report to the credit reporting agencies in a good-faith effort to remedy the fraudulent accounts and resolve the ongoing identity-theft issues affecting his credit file.

40. The disputed accounts contained multiple clear indicators of fraud, including Plaintiff's lack of any prior relationship with the reporting entities, the absence of any payments by Plaintiff, and the fact that the individual who purchased the vehicles bore no resemblance to Plaintiff. Despite these obvious red flags and the extensive identity-theft documentation provided. Defendants failed to conduct a reasonable investigation and instead continued to attribute the fraudulent accounts to Plaintiff.

41. Trans Union, Experian, and Equifax, in turn, verified the false information as "accurate," even after receiving multiple disputes, and documentary proof that the transactions were the product of fraud.

42. Car Max's failure to correct its reporting after receiving Plaintiff's police report, driver's license, and written dispute demonstrates a willful disregard for its obligations under 15 U.S.C. § 1681s-2(b) and Cal. Civ. Code § 1785.25(a).

///

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

43. Likewise, Experian, Trans Union and Equifax failed to satisfy their duties under 15 U.S.C. § 1681i to reinvestigate disputed information and delete items found to be inaccurate or unverifiable. Together, these failures perpetuated false credit information, prolonged Plaintiff's harm, and demonstrated an unreasonable and reckless disregard for the accuracy of consumer data.

44. Carmax and Harley submit inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

45. Equifax, Experian, and Trans Union did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

46. Defendants' investigations were unreasonable.

47. More specifically, Car Max, should have discovered from their own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading since Plaintiff provided information showing that Plaintiff's respective Car Max debt was not owed.

48. Plaintiff contends that it was unreasonable for Defendants to not contact Plaintiff for further information if needed; and, to not contact any third party which could have substantiated Plaintiff's disputes.

49. Carmax and Harley failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

50. Carmax and Harley failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

///

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

51. Due to Carmax and Harley's respective failures to reasonably investigate, Car Max further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).
52. By inaccurately reporting account information after notice and confirmation of its errors, Carmax and Harley failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).
53. Through this conduct, Carmax and Harley violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Car Max knew or should know was inaccurate.
54. Equifax, Experian and Trans Union also failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i.
55. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiff's dispute with the Credit Bureaus were fruitless.
56. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.
57. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.
58. Defendants' failure to correct the previously admitted inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.
59. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.

60. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.
61. Defendants' conduct has caused Plaintiff emotional distress.
62. Plaintiff has spent countless hours disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.
63. While Plaintiff was thorough in Plaintiff's disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.
64. Throughout this ordeal, Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because these large debts mischaracterize Plaintiff as someone that financially overextends himself and harms Plaintiff's credit score.
65. Despite Plaintiff's repeated attempts, Defendants continue to report an invalid debt to Plaintiff's credit report.
66. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.
67. As such, Plaintiff has been unable to obtain the credit benefits he should have earned by his stellar payment history.
68. Plaintiff is not able to calculate the total pecuniary loss at this time but will utilize the services of an economist.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

69. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

70. Similarly, Equifax, Experian, and Trans Union also received documents in connection with Plaintiff's dispute that directly contradicted the inaccurate credit reporting.

71. These documents should have caused Equifax, Experian, and Trans Union to remove the inaccurate information from Plaintiff's credit report.

72. By intentionally reporting continuing obligations, Equifax, Experian, and Trans Union acted in conscious disregard for Plaintiff's rights.

73. To report an ongoing obligation despite the invalid nature of this account shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

74. Since Plaintiff's efforts to be absolved of the invalid debt were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. §§ 1681-1681X (FCRA)**

**[AGAINST ALL DEFENDANTS]**

75. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

///

77. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

78. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## COUNT II

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1, ET SEQ.

## [AGAINST CARMAX AND HARLEY]

79. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

81. In the regular course of its business operations, Car Max and Harley routinely furnish information to credit reporting agencies pertaining to transactions between Car Max, Harley and Car Max and Harley consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

///

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

82. Because Car Max and Harley are a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Car Max is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

83. Since Car Max and Harley received all documents required to determine the inaccuracy of Harley and Car Max's reporting, Car Max should have known to update said reporting.

84. Both Defendant's reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

## COUNT III

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

## [ CARMAX AND HARLEY]

85. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

86. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

87. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## COUNT IV
## VIOLATION OF CALIFORNIA'S IDENTITY THEFT ACT
## CAL. CIV. CODE §§ 1798.92-1798.97 (CITA)
## [CARMAX AND HARLEY]

88. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89. The foregoing acts and omissions constitute numerous and multiple violations of CITA.

90. As a result of each and every violation of CITA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Car Max and Harley;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Car Max and Harley;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Car Max and Harley;
- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against each Defendant for each incident of willful noncompliance of the FCRA;

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against each Defendant for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against each Defendant for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against each Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against each Defendant for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5);
- A civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6);
- Attorneys' fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5);
- Any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5);
- An injunction preliminarily and permanently enjoining each Defendant from engaging in the unlawful debt collection practices stated herein;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Punitive damages according to proof as to the FCRA and CITA.
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

91. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 16, 2026

Respectfully submitted,

**LOKER LAW, APC**

By: ___*/s/ Scott M. Plescia*__
SCOTT M. PLESCIA, ESQ.
ATTORNEY FOR PLAINTIFF

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420